MARY AND ANTHONY KELLY ET AL., PROSECUTORS, v. MAYOR AND ALDERMEN OF JERSEY CITY ET AL., RESPONDENTS.

Argued January 18, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the prosecutors, *Warren Dixon.*

For the defendants, *Thomas J. Brogan* and *Frank J. Reardon.*

PER CURIAM.

The assessment must be set aside for the fundamental reason that the judge of the Circuit Court erred in refusing to hear testimony offered by the prosecutors with relation to the alleged excessive amount of the assessments.

The statutory scheme as provided by article 20 of the Home Rule act of 1917, pages 377, 378, is that the commissioners of assessment, when notified of the completion of an improvement, are to examine it and then fix a time and place for hearing the parties interested; they are to give notice by advertisement and mailing, &c. These steps were taken. Some claim is made that the notices by mail were not received and, perhaps, were not sent out; but the statute takes care of this feature, so that it need not be considered here. The board of assessment commissioners held a hearing, some persons came and objected; no evidence was taken at that time, and the board confirmed the assessment.

Under the Home Rule act, the next step would be to certify the assessment to the governing body (*Pamph. L.* 1917, p.

381, § 27), and for that body to give notice and hold a hearing. But, with respect to first-class cities, the act of 1925 (*Pamph. L., p.* 239) substitutes the Circuit Court for the governing body (*p.* 242, § 3, ¶ 2), so that, instead of the assessment commissioners reporting to the city commissioners or other governing body, they are to report directly to the Circuit Court, which holds the hearing as of course, at which all parties concerned may be heard.

This course of procedure was considered by the Court of Errors and Appeals in *Breckenridge and Tichenor* v. *Newark,* 95 *N. J. L.* 436, wherein the same statute was applied and the critical question in that case was what kind of a hearing was to be held by the city commissioners upon receiving the report of the assessment commissioners. It appears (at *p.* 439) that "property owners who had been assessed by the commissioners of assessment appeared before the city commission pursuant to notice of hearing, objected to the confirmation of the assessment and offered to sustain their objections by evidence. The city commissioners refused to hear evidence. This was an error * * *. This error is fatal. It cannot be cured by the fact that there is an 'appeal to the Court of Common Pleas from the amount of the assessment. What the landowner is entitled to is the judgment of the city commissioners as to the liability of the land to assessment as well as to the amount * * *."

The only possible difference between the case cited and that *sub judice* is that since the former case was decided the legislature has intervened by substituting the Circuit Court for the governing body; but the rule, of course, is the same. It appears in this case that the Circuit Court judge ruled that he would hear any testimony theretofore offered before the commissioners of assessment, and also any testimony relative to the failure to give proper notice, or otherwise affecting the jurisdiction of the commission, but that he would not hear any witnesses not produced before the commission unless such witnesses were offered for the purpose of proving either that no notices were received or that the commission failed to take such other proper legal steps as were necessary to give it proper jurisdiction.

Following the rule laid down in Breckenridge *v.* Newark, this ruling of the Circuit Court was erroneous, and the confirmation of the assessment by the Circuit Court is, accordingly, set aside.